

**JAMES UTHMEIER**
**ATTORNEY GENERAL**
**STATE OF FLORIDA**

OFFICE OF THE ATTORNEY GENERAL
Kevin A. Golembiewski
*Senior Deputy Solicitor General*
**Office of the Solicitor General**

PL-01 The Capitol
Tallahassee, FL 32399-1050
Phone (850) 414-3300
Fax (850) 487-0168
*https://www.myfloridalegal.com*

June 27, 2025

VIA CM/ECF

Mr. David J. Smith
Clerk of Court
U.S. Court of Appeals for the 11th Circuit
56 Forsyth St., N.W.
Atlanta, Georgia 30303

    Re:    Rule 28(j) Letter, *CCIA v. Uthmeier*, No. 25-11881

Dear Mr. Smith:

    Defendant Attorney General of Florida advises the Court of *Free Speech Coalition v. Paxton*, No. 23-1122 (U.S. June 27, 2025), which supports Defendant's request for a stay of the preliminary injunction pending appeal. The decision confirms that HB3 survives intermediate scrutiny. *See* Stay Mot. 17-21 (arguing that Defendant is likely to prevail on appeal because HB3 satisfies intermediate scrutiny).

    In *Free Speech Coalition*, the Supreme Court held that a Texas age-verification law survived intermediate scrutiny. Under the law, if "more than one-third" of the material on a website was "sexual material harmful to minors," the website had to age-verify and prevent access to minors. Op. 2. Like Plaintiffs and the district court here, the plaintiffs argued that the law was not narrowly tailored because "Texas could adopt less restrictive means of protecting children, such as encouraging parents" to use parental controls. Op. 34. The Court found that "unpersuasive" because, "even assuming these approaches are equally or more effective," that is not enough to invalidate a law "under intermediate scrutiny." *Id.* Under intermediate scrutiny, the Court (again) explained, a

"regulation's validity does not turn on [courts'] agreement with the legislature concerning the most appropriate method for promoting [its] interests." Op. 32 (citation modified). Yet here, the district court's conclusion that HB3 is not adequately tailored rested almost entirely on its view that "parental control and supervision tools" and "a public education campaign" are "the appropriate response" and "sufficient" to address the Legislature's concededly valid interest. DE94 at 49-51. *Free Speech Coalition* makes clear that was error.

It also forecloses Plaintiffs' argument that HB3 fails intermediate scrutiny because children might "still encounter" some addictive features notwithstanding the law. Resp. 12-13. The plaintiffs there similarly argued that Texas's law was underinclusive and thus "not appropriately tailored" because it did not apply to all websites "where children are likely to find sexually explicit content." Op. 34. In rejecting that argument, the Court reiterated that "underinclusiveness" is irrelevant to intermediate scrutiny. *Id.* (quoting *TikTok v. Garland*, 145 S. Ct. 57, 70 (2025)).

A copy of *Free Speech Coalition* is appended.

Sincerely,

*/s/ Kevin A. Golembiewski*
Kevin A. Golembiewski
*Counsel for the Attorney General of Florida*

cc (via CM/ECF):
All counsel of record