No. 25-11881

# UNITED STATES COURT OF APPEALS
# FOR THE ELEVENTH CIRCUIT

————————

COMPUTER & COMMUNICATIONS INDUSTRY ASSOCIATION; NETCHOICE,

*Plaintiffs-Appellees*,

v.

ATTORNEY GENERAL, STATE OF FLORIDA,

*Defendant-Appellant.*

————————

On Appeal from the United States District Court
for the Northern District of Florida,
No. 4:23-cv-00438

————————

## APPELLEES' RENEWED MOTION TO EXPEDITE
## ORAL ARGUMENT AND DECISION

————————

PAUL D. CLEMENT
ERIN E. MURPHY
 *Counsel of Record*
JAMES Y. XI
MITCHELL K. PALLAKI
CLEMENT & MURPHY, PLLC
706 Duke Street
Alexandria, VA 22314
(202) 742-8900
erin.murphy@clementmurphy.com

*Counsel for Plaintiffs-Appellees*

December 3, 2025

No. 25-1181, *Computer & Communications Industry Association v. Attorney General, State of Florida*

## CERTIFICATE OF INTERESTED PERSONS
## AND CORPORATE DISCLOSURE STATEMENT

Pursuant to 11th Cir. R. 26.1, Plaintiffs-Appellees hereby certify that, to the best of their knowledge, the following is a complete list of the trial judge and all attorneys, persons, associations of persons, firms, partnerships, or corporations that have an interest in the outcome of this particular case on appeal:

1.  Allen, Tony

2.  Alter, Adam

3.  American Civil Liberties Union

4.  American Civil Liberties Union of Florida

5.  Bailey, Andrew

6.  Barthold, Corbin

7.  Bell, Daniel

8.  Bird, Brenna

9.  Boyle, David

10.  Brown, Anthony G.

11.  Carr, Christopher M.

12.  Clark, Charity R.

13.  Cleland, Bartlett

14.  Clement, Paul D.

15.  Computer & Communications Industry Association

No. 25-1181, *Computer & Communications Industry Association v. Attorney General, State of Florida*

16.    Costello, David M.

17.    DeMott, Joseph J.

18.    DeSousa, Jeffrey Paul

19.    District of Columbia

20.    Drummond, Gentner

21.    Eidelman, Vera

22.    Electronic Frontier Foundation

23.    Fitzpatrick, Hon. Martin A.

24.    Freedom To Read Foundation

25.    Golembiewski, Kevin A.

26.    Griffin, Tim

27.    Guard, John M.

28.    Hilgers, Michael T.

29.    Jackley, Marty J.

30.    Jennings, Kathleen

31.    Kautz, Keith G.

32.    Kilby, Douglas L.

33.    Knudsen, Austin

34.    Labrador, Raul

35.    Lamia, Christine

No. 25-1181, *Computer & Communications Industry Association v. Attorney General, State of Florida*

36.     LGBT Tech Institute

37.     Marshall, Steve

38.     McCuskey, John B.

39.     Mead, Grace Lee

40.     Miyares, Jason S.

41.     Monson, Darrick W.

42.     Moody, Ashley

43.     Murrill, Liz

44.     Murphy, Erin

45.     Murphy, Hannah E.

46.     Nessel, Dana

47.     NetChoice

48.     Pallaki, Mitchell K.

49.     Patel, Anita

50.     Paxton, Ken

51.     Purser, Stanford

52.     Rayfield, Dan

53.     Rokita, Theodore E

54.     Schenck, Robert S.

55.     Schruers, Matthew

No. 25-1181, *Computer & Communications Industry Association v. Attorney General, State of Florida*

56.    Schwalb, Brian L.

57.    Software & Information Industry Association

58.    Spears, Sara E.

59.    State of Alabama

60.    State of Alaska

61.    State of Arkansas

62.    State of Delaware

63.    State of Georgia

64.    State of Idaho

65.    State of Indiana

66.    State of Iowa

67.    State of Louisiana

68.    State of Maryland

69.    State of Michigan

70.    State of Missouri

71.    State of Montana

72.    State of Nebraska

73.    State of New Mexico

74.    State of North Dakota

75.    State of Ohio

No. 25-1181, *Computer & Communications Industry Association v. Attorney General, State of Florida*

76.    State of Oklahoma

77.    State of Oregon

78.    State of South Carolina

79.    State of South Dakota

80.    State of Texas

81.    State of Utah

82.    State of Vermont

83.    State of Virginia

84.    State of West Virginia

85.    State of Wyoming

86.    Taylor, Treg R.

87.    TechFreedom

88.    Tilley, Daniel Boaz

89.    Torrez, Raul

90.    Twenge, Jean

91.    Uthmeier, James

92.    Veitch, Alexandra N.

93.    Voigts, Anne M.

94.    Waczewski, James

95.    Walker, Hon. Mark

No. 25-1181, *Computer & Communications Industry Association v. Attorney General, State of Florida*

96.    Whitaker, Henry C.

97.    Wikimedia Foundation

98.    Wilson, Alan

99.    Woodhull Freedom Foundation

100.  Wrigley, Drew

101.  Wynosky, Kevin J.

102.  Xi, James

103.  Yost, Dave

Alphabet Inc. (GOOGL), Meta Platforms, Inc. (META), and Snap Inc. (SNAP) are publicly traded companies with an interest in the outcome of this appeal.

**Corporate Disclosure**. Pursuant to Fed. R. App. P. 26.1 and 11th Cir. R. 26.1-1, 26.1-2, and 26.1-3, Plaintiffs-Appellees respectfully submit this Corporate Disclosure Statement and state as follows:

1. Computer & Communications Industry Association (CCIA) has no parent corporation, and no publicly held corporation owns ten percent or more of its stock.

2. NetChoice has no parent corporation, and no publicly held corporation owns ten percent or more of its stock.

December 3, 2025

s/Erin E. Murphy
Erin E. Murphy

Florida House Bill 3 (HB3) is the latest attempt in a long line of government efforts to restrict new forms of constitutionally protected expression based on concerns about their potential effects on minors. This constitutional challenge to its restrictions accordingly raises exceptionally important issues about the First Amendment rights of Plaintiffs-Appellees Computer & Communications Industry Association (CCIA) and NetChoice members to communicate with their users and the First Amendment rights of those users to access some of the most popular online services operated. Those rights are under threat of immediate harm because the injunction Plaintiffs-Appellees had obtained to prevent HB3's enforcement and to safeguard members' and their users' constitutional rights is now stayed.

Plaintiffs-Appellees respectfully ask the Court to assign this appeal to the next available oral-argument calendar and expedite its decision. *See* 11th Cir. R. 34-4(f); 28 U.S.C. §1657(a). The state asked this Court for the same relief nearly two months ago, in a motion that remains pending. CA11.Dkt.48 at 1 ("Florida requests that this Court assign this appeal to the next available oral-argument calendar and expedite its decision."). Plaintiffs-Appellees did not oppose that request, and, if anything, there is even more "good cause" to expedite the appeal now, 11th Cir. R. 34-4(f), as a motion panel's late-breaking 2-1 decision to stay the district court's preliminary injunction—more than *five months* after the parties finished briefing the state's stay motion, and almost *two months after the parties finished briefing the merits of the*

*state's appeal*—increases the potential for irreparable harm to the First Amendment rights of Plaintiffs-Appellees' members and their users. *See Honeyfund.com Inc. v. Governor*, 94 F.4th 1272, 1283 (11th Cir. 2024).

CCIA and NetChoice filed this lawsuit in October 2024 challenging the constitutionality of HB3, which prohibits minors under 16 from creating accounts on certain "social media" websites without parental consent, and completely bans minors under 14 from creating accounts on those websites altogether. On June 3, 2025, the district court preliminarily enjoined the state from enforcing the law, concluding that HB3 likely violates the First Amendment. *CCIA v. Uthmeier*, 2025 WL 1570007, at *1 (N.D. Fla. June 3, 2025). The state appealed the same day and, on June 9, asked this Court to stay the preliminary injunction pending appeal. *See* CA11.Dkt.10. The parties finished briefing the state's stay motion on June 23, but the motions panel did not immediately rule on the motion. While the motion remained pending, the parties fully briefed the merits of the state's appeal, completing all briefing on October 3. The same day, Florida filed a motion asking the Court to "assign this appeal to the next available oral-argument calendar and expedite its decision." *See* CA11.Dkt.48 at 1. Plaintiffs-Appellees did not oppose that motion, which has now been pending for two months. But instead of ruling on *that* motion, a divided motions panel of this Court granted Defendant's motion to stay the district court's preliminary injunction on November 25—more than five

months after the parties finished briefing the state's stay motion, and almost two months after the parties finished briefing the merits of the state's appeal.

Expedition is therefore now more important than ever because all parties need clarity as to the ultimate enforceability of HB3.  And the acute and irreparable harms that will be caused by uncertainty over HB3's enforceability, *e.g.*, CA11.Dkt.14 at 21, reinforce the good cause for expediting review of the merits of the district court's opinion below.  *See* CA11.Dkt.60-2 at 55 (Rosenbaum, J., dissenting) ("Allowing this Act to go into effect will cause substantial harm to [Plaintiffs-Appellees] … and their members' users.").  The threat of enforcement, moreover, is not just hypothetical.  Florida has already filed an enforcement action against Snap, *see* D.Ct.Dkt.86-1, and it has threatened to sue Meta in state court as well, *see* D.Ct.Dkt.82 at 9-13.

Even though the state asked for the same relief less than two months ago, it opposes expedition now that the motions panel has stayed the district court's injunction.  CCIA and NetChoice did not oppose expediting this appeal when the state requested it, given the importance of the issues presented.  But now that the status quo appears to have shifted to favor the state, it wants to drag proceedings out as long as it can.  In reality, the state's shifting position lays bare the important stakes that are at issue in this case and underscores why this Court should promptly resolve the merits of the state's appeal to provide much needed clarity.

3

Plaintiffs-Appellees therefore ask the Court to assign this appeal to the next available oral argument calendar and expedite its decision. Merits briefing has been complete for almost two months, so this appeal is ripe for argument. *See* Order at 2, *Alpine Partners (BVI) L.P. v. Guinan*, No. 24-11964 (11th Cir. Dec. 3, 2024), ECF No. 33.

## CONCLUSION

This Court should assign this appeal to the next available oral-argument calendar and expedite its decision on this appeal.

Respectfully submitted,

s/Erin E. Murphy
PAUL D. CLEMENT
ERIN E. MURPHY
 *Counsel of Record*
JAMES Y. XI
MITCHELL K. PALLAKI
CLEMENT & MURPHY, PLLC
706 Duke Street
Alexandria, VA 22314
(202) 742-8900
erin.murphy@clementmurphy.com

*Counsel for Plaintiffs-Appellees*

December 3, 2025

## CERTIFICATE OF COMPLIANCE

1.  This brief complies with the type-volume limitation of Fed. R. App. P. 27(d)(2)(A) because it contains 819 words, excluding the parts of the brief exempted by Fed. R. App. P. 32(f).

2.  This brief complies with the typeface requirements of Fed. R. App. P. 32(a)(5) and the type-style requirements of Fed. R. App. P. 32(a)(6), because it has been prepared in a proportionally spaced typeface using Microsoft Word 2016 in 14-point Times New Roman type.

December 3, 2025

<u>s/Erin E. Murphy</u>
Erin E. Murphy

## CERTIFICATE OF SERVICE

I hereby certify that on December 3, 2025, I electronically filed the foregoing with the Clerk of the Court for the United States Court of Appeals for the Eleventh Circuit by using the CM/ECF system.  I certify that all participants in this case are registered CM/ECF users and that service will be accomplished by the CM/ECF system.

s/Erin E. Murphy
Erin E. Murphy