No. 25-11881

# In the United States Court of Appeals for the Eleventh Circuit

COMPUTER & COMMUNICATIONS INDUSTRY ASSOCIATION, ET AL.,
*Plaintiffs-Appellees*,

V.

JAMES UTHMEIER, IN HIS OFFICIAL CAPACITY AS FLORIDA ATTORNEY GENERAL,
*Defendant-Appellant.*

On Appeal from the United States District Court
for the Northern District of Florida
No. 4:24-cv-00438-MW-MAF

**FLORIDA'S MOTION TO WITHDRAW ITS PENDING MOTION TO EXPEDITE AND RESPONSE TO PLAINTIFFS' MOTION**

JAMES UTHMEIER
  *Attorney General of Florida*

JEFFREY PAUL DESOUSA
  *Acting Solicitor General*
KEVIN A. GOLEMBIEWSKI
  *Senior Deputy Solicitor General*
ROBERT S. SCHENCK
  *Deputy Solicitor General*
ANITA PATEL
  *Special Counsel*
PL-01, The Capitol
Tallahassee, FL 32399-1050
(850) 414-3300
*kevin.golembiewski@myfloridalegal.com*

*Counsel for Appellant*

December 3, 2025

This Court should deny Plaintiffs' "renewed" motion to expedite oral argument and allow Florida to withdraw its October 3, 2025 motion to expedite. *See* Fed. R. App. P. 27(a)(3)(B) ("A response [to a motion] may include a motion for affirmative relief."); 11th Cir. R. 27-1, I.O.P. 7 (parties must move to withdraw a motion). Because of this Court's stay order, *see* CA11 DE60-2, there is no longer "good cause" to expedite. 11th Cir. R. 34-4(f). Florida previously moved to expedite "because the district court's universal preliminary injunction [wa]s irreparably harming Florida and its citizens," but given the stay order, that harm is no longer occurring. CA11 DE48 at 1.

Florida appeals an order preliminarily enjoining it from enforcing HB3, a consumer-protection law that limits children's exposure to addictive design features on internet platforms. *See* Fla. Stat. § 501.1736; Stay Order at 3 ("Distinct from other state and federal attempts to legislate children's access to social media, . . . HB3 targets certain functions that the State has identified as particularly addictive to young minors."). On October 3, 2025, Florida moved to expedite oral argument because of the "harm" the injunction was causing "Florida" and "millions of children . . . exposed to design features that pose 'dangers' to their 'mental health.'" CA11 DE48 at 1–2 (quoting *Moody v. NetChoice, LLC*, 603 U.S. 707, 733 (2024)). But last week, this Court stayed the injunction, which returned the parties to the status quo. Stay Order at 1. Before the district court issued the preliminary injunction, HB3 was in effect for several months. *See id.* at 4–5.

Plaintiffs identify no "good cause" for expediting the appeal now. 11th Cir. R. 34-4(f). They speculate that there is "*potential* for irreparable harm to the First Amendment rights of" their "members and their users." Mot. 2 (emphasis added). Yet this Court concluded in its stay order that "it is unlikely that HB3 inappropriately curtails any First Amendment rights." Stay Order at 24. Plaintiffs also note that "the issues presented" are "importan[t]." Mot. 3. But that is not good cause for disturbing this Court's ordinary scheduling procedures, and in any event, before this Court stayed the preliminary injunction, Plaintiffs did not believe that the "important" issues presented required an immediate ruling. Plaintiffs say that they "did not oppose expediting this appeal when the state requested it, given the importance of the issues presented," Mot. 3, but that is inaccurate. When Florida moved to expedite on October 3, 2025, Plaintiffs opposed setting the appeal on the next available oral-argument calendar and instead agreed only to setting the appeal on "the next available oral-argument calendar after November 17, 2025, subject to counsel availability." CA11 DE48 at 2.[*]

Rather than justify their request to expedite, Plaintiffs complain that the "motions panel" should have expedited the appeal "instead of ruling on" Florida's stay motion. *See* Mot. 2. They also accuse Florida of "want[ing] to drag proceedings out"

---

[*] Plaintiffs' characterization of their motion as a "renewed" motion to expedite is inaccurate too. Mot. 1. They did not previously ask the Court to expedite this appeal.

2

and "shifting [its] position." Mot. 3. Those accusations are unfounded. Florida moved to expedite because it was suffering irreparable harm. CA11 DE48 at 1. Because the stay order stopped that harm, Florida can no longer assert that "good cause" exists to expedite. 11th Cir. R. 34-4(f). Abiding by this Court's rules and proceeding in the normal course is not "drag[ging]" the appeal "out." Mot. 3.

This Court should allow Florida to withdraw its motion to expedite and deny Plaintiffs' motion.

Dated: December 3, 2025

Respectfully submitted,

JAMES UTHMEIER
  *Attorney General of Florida*

*/s/ Kevin A. Golembiewski*
JEFFREY PAUL DESOUSA
  *Acting Solicitor General*
KEVIN A. GOLEMBIEWSKI
  *Senior Deputy Solicitor General*
ROBERT S. SCHENCK
  *Deputy Solicitor General*
ANITA PATEL
  *Special Counsel*
PL-01, The Capitol
Tallahassee, FL 32399-1050
(850) 414-3300
*kevin.golembiewski@myfloridalegal.com*

3

**CERTIFICATE OF COMPLIANCE**

1. This document complies with the type-volume limits of Federal Rule of Appellate Procedure 27(d)(2)(A) because, excluding the parts of the document exempted by Federal Rule of Appellate Procedure 32(f), this document contains 595 words.

2. This document complies with the typeface and type-style requirements of Federal Rule of Appellate Procedure 32(a)(5) and Federal Rule of Appellate Procedure 32(a)(6) because this document has been prepared in a proportionally spaced typeface using Microsoft Word in 14-point Garamond font.

*/s/ Kevin A. Golembiewski*
Senior Deputy Solicitor General

**CERTIFICATE OF SERVICE**

I certify that on December 3, 2025, I electronically filed this document with the Clerk of Court using the Court's CM/ECF system, which will send a notice of docketing activity to all parties who are registered through CM/ECF.

*/s/ Kevin A. Golembiewski*
Senior Deputy Solicitor General