No. 25-11881

# UNITED STATES COURT OF APPEALS
# FOR THE ELEVENTH CIRCUIT

———————

COMPUTER & COMMUNICATIONS INDUSTRY ASSOCIATION; NETCHOICE,

*Plaintiffs-Appellees*,

v.

ATTORNEY GENERAL, STATE OF FLORIDA,

*Defendant-Appellant*.

———————

On Appeal from the United States District Court
for the Northern District of Florida,
No. 4:23-cv-00438

———————

**APPELLEES' REPLY IN SUPPORT OF MOTION TO EXPEDITE**

———————

PAUL D. CLEMENT
ERIN E. MURPHY
 *Counsel of Record*
JAMES Y. XI
MITCHELL K. PALLAKI
CLEMENT & MURPHY, PLLC
706 Duke Street
Alexandria, VA 22314
(202) 742-8900
erin.murphy@clementmurphy.com

*Counsel for Plaintiffs-Appellees*

December 5, 2025

No. 25-11881, *Computer & Communications Industry Association v. Attorney General, State of Florida*

# CORPORATE DISCLOSURE STATEMENT

Pursuant to 11th Cir. R. 26.1, Plaintiffs-Appellees hereby certify that, to the best of their knowledge, there are no additional attorneys, persons, associations of persons, firms, partnerships, or corporations that have an interest in the outcome of this particular case on appeal that were omitted from the certificate in Plaintiffs-Appellees' Renewed Motion to Expedite Oral Argument and Decision. *See* CA11.Dkt.61.

**Corporate Disclosure**. Pursuant to Fed. R. App. P. 26.1 and 11th Cir. R. 26.1-1, 26.1-2, and 26.1-3, Plaintiffs-Appellees respectfully submit this Corporate Disclosure Statement and state as follows:

1. Computer & Communications Industry Association (CCIA) has no parent corporation, and no publicly held corporation owns ten percent or more of its stock.

2. NetChoice has no parent corporation, and no publicly held corporation owns ten percent or more of its stock.

December 5, 2025

s/Erin E. Murphy<br>
Erin E. Murphy

Despite requesting an expeditious resolution of the exceptionally important constitutional issues at stake in this appeal two months ago, the state now reverses course, insisting that expedition is no longer necessary now that the motions panel has belatedly stayed the district court's injunction. In reality, the motion panel's sharply divided decision only underscores why expedition is appropriate. No one doubts that the constitutionality of HB3 presents especially important issues. That is why the district court preliminarily enjoined the state from enforcing the law. It is also why the state quickly moved to stay the injunction pending appeal, why the parties quickly finished briefing the merits of the state's appeal, and why the state initially asked for expedition of its appeal.

As with many "important new laws," the "harms and equities are very weighty on both sides." *Labrador v. Poe by & through Poe*, 144 S.Ct. 921, 929 (2024) (Kavanaugh, J., concurring in the grant of stay). If the district court is right that HB3 likely violates the First Amendment, then both CCIA and NetChoice members and their users face irreparable harm in the form of loss of constitutional rights. *See Honeyfund.com Inc. v. Governor*, 94 F.4th 1272, 1283 (11th Cir. 2024) (explaining that the loss of First Amendment rights "even for a minimal period of time, constitutes irreparable injury"). If the state is right that HB3 is constitutional, then an injunction prohibiting the state from enforcing the law injures the state. *See Maryland v. King*, 567 U.S. 1301, 1303 (2012) (Roberts, C.J., in chambers). Either

way, the parties deserve a clear answer sooner rather than later whether HB3 can be enforced while the parties litigate to final judgment, which is why—despite Florida's (mis)representation to the contrary, CA11.Dkt.62 at 2—"Plaintiffs d[id] not oppose expediting oral argument" when the state requested it in October.  CA11.Dkt.48 at 2.[1]  After all, "whether a new federal or state law can be enforced during the several years before a final ruling on the merits can *itself* be an important national question." *Labrador*, 144 S.Ct. at 930.  That is why the U.S. Supreme Court often expedites oral argument when faced with questions about the constitutionality of important new statutes and agency rules.  *See, e.g.*, *Biden v. Nebraska*, 600 U.S. 477 (2023); *Nat'l Fed'n of Indep. Bus. v. OSHA*, 595 U.S. 109 (2022) (per curiam); *Biden v. Missouri*, 595 U.S. 87 (2022) (per curiam); *Whole Woman's Health v. Jackson*, 595 U.S. 30 (2021).

The state does not (because it cannot) identify any reason why expedition would be inappropriate in this case.  Nor can it, as it can hardly deny that Plaintiffs face a serious risk of irreparable harm.  Even setting aside the loss of First Amendment rights, Plaintiffs' members may be forced to expend significant resources litigating potential enforcement actions.  That is probably why Florida did

---

[1] True, Plaintiffs asked the Court to set the appeal "on the next available oral-argument calendar after November 17, 2025, subject to counsel availability" to accommodate scheduling conflicts, but the state's own motion notes that "Plaintiffs do not oppose expediting oral argument." CA11.Dkt.48 at 2.

2

not even dispute the district court's assessment of the equities (including its conclusion that Plaintiffs will face irreparable harm if HB3 goes into effect) in its principal briefs in this Court. *See* CA11.Dkts.23, 47.

    In short, there is no good reason to delay, and every reason to expedite. The Court should assign this appeal to the next available oral argument calendar and expedite its decision in this appeal.

Respectfully submitted,

s/Erin E. Murphy
PAUL D. CLEMENT
ERIN E. MURPHY
 *Counsel of Record*
JAMES Y. XI
MITCHELL K. PALLAKI
CLEMENT & MURPHY, PLLC
706 Duke Street
Alexandria, VA 22314
(202) 742-8900
erin.murphy@clementmurphy.com

*Counsel for Plaintiffs-Appellees*

December 5, 2025

3

## CERTIFICATE OF COMPLIANCE

1. This brief complies with the type-volume limitation of Fed. R. App. P. 27(d)(2)(A) because it contains 582 words, excluding the parts of the brief exempted by Fed. R. App. P. 32(f).

2. This brief complies with the typeface requirements of Fed. R. App. P. 32(a)(5) and the type-style requirements of Fed. R. App. P. 32(a)(6), because it has been prepared in a proportionally spaced typeface using Microsoft Word 2016 in 14-point Times New Roman type.

December 5, 2025

s/Erin E. Murphy  
Erin E. Murphy

## CERTIFICATE OF SERVICE

I hereby certify that on December 5, 2025, I electronically filed the foregoing with the Clerk of the Court for the United States Court of Appeals for the Eleventh Circuit by using the CM/ECF system. I certify that all participants in this case are registered CM/ECF users and that service will be accomplished by the CM/ECF system.

<u>s/Erin E. Murphy</u>
Erin E. Murphy